UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
98 JUN 24 PM 2:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

CATHERINE DAVIS,             )
                             )
       Plaintiff,            )
                             )
   vs.                       )     CV 97-L-2025-M
                             )
GOODYEAR TIRE & RUBBER       )
COMPANY RETIREMENT PLAN      )
FOR SALARIED EMPLOYEES       )
(GOODYEAR PLAN; and          )
GOODYEAR TIRE & RUBBER       )
COMPANY,                     )
                             )
       Defendants.           )

ENTERED
JUN 25 1998

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came on for a bench trial before this court on June 23, 1998 on the pleadings, the order of the pretrial conference, the testimony and exhibits, and the arguments of counsel. The Court enters the following findings of fact and conclusions of law:

### Findings of Fact

1. Ronald L. Davis was an employee of The Goodyear Tire and Rubber Company for 29 years and 7 months between June 1, 1962 and December 31, 1991.

2. Goodyear sold its Scottsboro plant to AKZO Industrial Fibers, Inc. on December 31, 1991. Mr. Davis' employment

terminated with Goodyear on that date. He became an employee of AKZO at the same plant immediately thereafter.

3. At the time Mr. Davis' employment terminated he had not retired. Further, he was not eligible for "Early Retirement" as defined in Goodyear's plan. The plan requires a salaried employee to have either provided 30 years of service or reached age 55 with 10 years of service. Mr. Davis did not meet either requirement.

4. The Goodyear plan provides medical benefits to a surviving spouse of a deceased employee who retires on or after the Effective Date and was eligible for a pension (other than a deferred vested pension). Mr. Davis, at the time his employment with Goodyear ended, was not entitled to early retirement benefits. Because he had not retired and was not eligible for early retirement, surviving spouse medical benefits were not authorized under the plan.

5. Plaintiff Catherine Davis was the wife of Ronald L. Davis at all times relevant and until his death on June 15, 1995. Plaintiff has been insured by AKZO's medical benefits and COBRA for the past six years. That coverage will terminate June 30, 1998.

### Conclusions of law

6. The court has jurisdiction over these claims and the parties thereto.

7. Plaintiff's claim relates to the employee welfare benefit plan operated by Goodyear. This employee welfare benefit plan, 29 U.S.C. §§ 1002 (1) and (2), is subject to the provisions

found in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002 et seq.

8. In determining whether defendant correctly denied plaintiff's claim for continuing medical benefits, the claim decision "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see Buckley v. Metropolitan Life, No. 96-6125, 1997 WL 307004, at *4 (11th Circuit June 24, 1997)(Stating that the same standards of review borne out of Firestone apply to factual findings as well as plan interpretations).

9. The Court reviews the defendant's denial of her claim under the arbitrary and capricious standard.

10. Goodyear did not act in an unreasonable manner by denying medical coverage to Mrs. Davis. Based on the evidence before it at the time, it arrived at a rational conclusion. Notwithstanding the sympathetic circumstances surrounding the history of Mr. Davis' laudable service with Goodyear, the plan was within its rights, under the document, to deny extended medical benefits.

11. The court does not interpret the law of ERISA to allow it to render the type of equitable relief for which plaintiff prays.

12. Equitable estoppel is not appropriate in this case. A district court operating under ERISA may employ this remedy in limited cases. First, the facts must involve the interpretation of

an ambiguous provision of the plan.  And second, the plaintiff must have detrimentally relied on some misrepresentation made in conjunction with that interpretation.  See Novak v. Irwin Yacht and Marine Corp., 986 F.2d 468, 472 (11th Cir. 1993); Alday v. Container Corp. Of America, 906 F.2d 660, 666 (11th Cir. 1990) cert. denied, 498 U.S. 1026 (1991).

13. Neither prong of this test has been met.  The court has seen no evidence of an ambiguity in the plan being interpreted in this case.  While the parties, at times, may have misunderstood aspects of the plan, the terms of the plan with respect to retirement and continuing spousal medical benefits are unambiguous.

14. The plaintiff offered no admissible evidence of a misrepresentation.  Regrettably, the court does not know what Mr. Davis was told at the time the plant was being sold.  Nor will the court speculate how that information, if any was transmitted, affected his decision to stay at the Scottsboro plant and terminate employment with Goodyear.  Absent reliable evidence supporting either prong of the estoppel test, the court has no choice but to deny such relief.

15. Goodyear did not act in an arbitrary and capricious manner in denying Mrs. Davis continued medical benefits.

DONE this 24th day of June, 1998.

*[signature]*
SENIOR JUDGE